**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IRENE MULKERIN,

Plaintiff,

v.

ANDREW V. PAPOUTSIS, et al.,
Defendants.

FILED
HARRISBURG, PA
SEP 24 2025
PER ____
DEPUTY CLERK

Civil Action No. _______

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Irene Mulkerin, pro se, respectfully moves this Court under Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction.

In support, Plaintiff states:

Plaintiff has filed a Verified Complaint for Declaratory and Injunctive Relief seeking to preserve her personal trust-beneficiary claims, which were never property of the bankruptcy estate under 11 U.S.C. § 541 and were not released by the trustee's settlement.

Defendants intend to invoke a contractual "120-day" limitations clause contained in a Settlement Agreement executed solely by the Chapter 7 trustee to extinguish Plaintiff's personal claims. Plaintiff never signed that agreement.

Unless enjoined, Defendants will argue that the contractual bar expires on or about September 28, 2025, thereby irreparably cutting off Plaintiff's claims before she has been given access to concealed trust governance and settlement-funding records.

As set forth in the accompanying Memorandum of Law, Plaintiff can demonstrate:

- A likelihood of success on the merits, as her claims remain personal and outside the estate;
- Imminent and irreparable harm absent relief;
- That the balance of equities favors preserving the status quo; and
- That injunctive relief is in the public interest.

Plaintiff further requests equitable production of concealed governance and funding documents necessary to evaluate and preserve her claims, and waiver or nominal setting of any bond under Fed. R. Civ. P. 65(c).

For clarity, Plaintiff emphasizes that the relief sought in this Motion is interim only. The Verified Complaint requests permanent declaratory and injunctive relief confirming that the contractual 120-day clause is inapplicable or tolled as to Plaintiff's personal claims. This Motion seeks parallel but temporary relief under Fed. R. Civ. P. 65, solely to preserve the status quo and prevent irreparable harm pending the Court's final resolution of the Complaint on the merits.

Plaintiff incorporates by reference the Exhibit Index and full set of Exhibits filed with her Verified Complaint. For purposes of this Motion, Plaintiff attaches only those exhibits most relevant to the 120-day clause, the limited scope of Rule 9019 approval, and the ongoing fiduciary misconduct described herein.

To assist the Court in reviewing the record on an expedited basis, Plaintiff also submits a one-page "TRO Exhibit Roadmap" identifying the attached critical exhibits and noting which exhibits are incorporated by reference from the Verified Complaint.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion and enter the attached [Proposed] Order:

1. Enjoining Defendants from invoking or enforcing the Settlement Agreement's 120-day clause against Plaintiff's personal claims;
2. Requiring preservation and production of specified trust governance and funding records;
3. Equitably tolling any contractual bar until 120 days after production;
4. Waiving or setting a nominal bond; and
5. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 24, 2025

/s/ Irene Mulkerin
Irene Mulkerin
Pro Se Plaintiff
1740 Adeline Drive
Mechanicsburg, PA 17050

## TRO EXHIBIT ROADMAP

**Attached Exhibits (Critical to TRO Relief):**

| Exhibit | Description | Use in Motion |
|---|---|---|
| **D** | Settlement Agreement (Execution Copy, Bankr. Doc. 411) | Shows contractual "120-day" clause added by trustee, never signed by Plaintiff |
| **V** | Term Sheet vs. Final Settlement | Demonstrates that the 120-day clause was a late addition not in baseline agreement |
| **CC** | Aug. 26, 2025 Hearing Transcript Excerpts | Court declined to apply/toll the 120-day clause as to Plaintiff, who was not a party |
| **GG** | Trustee's Report Supporting Compromise (Bankr. Dkt. 189) | Confirms Rule 9019 approval was based solely on trustee's business judgment re estate claims |
| **N** | Mar. 26 & Apr. 3, 2025 Hearing Transcript Excerpts | Establishes that Rule 9019 proceedings did not adjudicate Plaintiff's personal claims |
| **R** | Proof of Claim No. 5-1 (Trust v. Plaintiff) | Shows coercive personal claim filed against Plaintiff for fiduciary defense costs |
| **JJ** | Emails Showing Distribution Denials | Demonstrates retaliation for litigation; ongoing fiduciary misconduct |
| **PP** | Emails to Trustee Carr re Distribution Denials | Further evidence of coercive and retaliatory denials |
| **FF** | Plaintiff's Declaration | Provides factual background of concealment, coercion, and ongoing harm |

---

**Incorporated by Reference (Filed with Verified Complaint):**

All other exhibits listed in Plaintiff's Exhibit Index (Exs. A–ZZ) are incorporated by reference as part of the Complaint record.