IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IRENE MULKERIN,** | : CIVIL ACTION NO. 1:25-CV-1776 |
| **Plaintiff** | : |
| v. | : |
| **ANDREW V. PAPOUTSIS, et al.,** | : (Judge Neary) |
| **Defendants** | : |

# ORDER

Before the court is plaintiff Irene Mulkerin's motion (Doc. 3) for a temporary restraining order ("TRO") wherein she seeks an order enjoining the application of part of a settlement agreement to personal claims she is asserting against another party and requiring defendants to preserve and produce of certain records.

The "gateway factors" to obtain preliminary relief are a likelihood of success on the merits and a demonstration of "irreparable harm." <u>Veterans Guardian VA Claim Consulting LLC v. Platkin</u>, 133 F.4th 213, 218 (3d Cir. 2025) (citations omitted). The irreparable harm must be "more likely than not" to occur. <u>Id.</u> (citing <u>Reilly v. City of Harrisburg</u>, 858 F.3d 173, 179 (3d Cir. 2017)).

Mulkerin's request for a TRO fails on both factors. Starting with the merits, Mulkerin asserts her claims against the A.V. Papoutsis Irrevocable Trust filed in Delaware Chancery Court are "personal" and so are excluded from her bankruptcy estate. (Doc. 4 at 3). She is wrong. The Bankruptcy Code provides that an estate is composed of "*all legal* or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). This includes

legal claims that "existed at the time of the bankruptcy filing." Roberts v. First Bank of Delaware, No. 3:07CV1406, 2008 WL 4372826 *6 (M.D. Pa. Sept. 19, 2008). Her reliance on In re Emoral, Inc., 740 F.3d 875 (3d Cir. 2014) for the contrary position is misplaced. In that case, the Third Circuit was dealing with *creditors* seeking to pursue claims against a successor company which had purchased the assets of a debtor company. Id. at 877-78. The personalized analysis only comes into play when a creditor is seeking to advance a claim as compared to other creditors. Id. at 879. As to *debtors*, In re Emoral, Inc. offers no guidance.

Furthermore, the bankruptcy court has already adjudicated this dispute and found against Mulkerin. In Re Mulkerin, No. 1:24-BK-03264-HWV, 2025 WL 2402287 *5 (Bankr. M.D. Pa. May 28, 2025) ("As a threshold matter, the Court finds that the claims asserted in the Delaware Chancery Court Litigation are property of the bankruptcy estate under 11 U.S.C. § 541."). To the extent Mulkerin is unsatisfied with this finding, the correct avenue to challenge it was to file an appeal of that ruling. 28 U.S.C. § 158(a). Finally, given that this matter appears to arise under and/or relate to the Bankruptcy Code, it is not clear how this court would have jurisdiction over Mulkerin's complaint in any case. See Standing Order 16-3.

Mulkerin additionally fails to demonstrate irreparable harm. She claims without a declaratory injunction, she will lose the ability to pursue her personal claims which would be a depravation of rights. (Doc. 1 at 34). Yet, in her complaint, she avers the settlement agreement at issue never bound her personal claims. (Id. at 5-6). She cannot have it both ways: if the settlement agreement does not affect her personal claims, she faces no irreparable harm; if the settlement agreement does

touch her personal claims, then she needs to contest the settlement agreement in bankruptcy court or in appeal taken therefrom. On the face of her complaint, Mulkerin has not demonstrated irreparable harm.

Thus, AND NOW, this 25th day of September, 2025, upon consideration of the motion (Doc. 3) for a temporary restraining order ("TRO") filed by plaintiff Irene Mulkerin, it is hereby ORDERED that:

1. Mulkerin's motion (Doc. 3) for a TRO is DENIED.

2. Because the court is denying the motion (Doc. 3) for a TRO, the motion (Doc. 9) for an extension of time and protective order is DENIED as moot.

3. Mulkerin is further ordered by, no later than **October 13th, 2025** to show cause as to why her complaint should not be dismissed as an improper appeal of Chief Bankruptcy Judge Van Eck's May 28, 2025 order conditionally approving the settlement agreement.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania